UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMBER ROBINSON,

    Plaintiff,

v

WIZARDS OF THE COAST.

    Defendant.
_____/

Case No.: 23-cv-11786

District Judge Judith E. Levy

Magistrate Judge Elizabeth A. Stafford

## ANSWER TO COMPLAINT
## AND AFFIRMATIVE AND OTHER DEFENSES

Defendant, WIZARDS OF THE COAST, ("Wizards" or "Defendant") states the following for its Answer and Affirmative and Other Defenses to Plaintiff's Complaint:

1. Defendant admits that Plaintiff took a Family and Medical Leave Act ("FMLA") qualifying leave of absence. Defendant denies the remaining allegations contained in Paragraph 1 of the Complaint.

2. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 2 of the Complaint and therefore leaves Plaintiff to her proofs.

3. Defendant denies the allegations contained in Paragraph 3 of the Complaint.

4. Defendant admits that Plaintiff's Complaint asserts a claim under the FMLA and that this Court has subject matter jurisdiction. Defendant denies that it is liable to Plaintiff under the FMLA or any other reason.

5. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 5 of the Complaint and therefore leaves Plaintiff to her proofs.

6. Defendant admits that venue is proper int the United States District Court for the Eastern District of Michigan, but denies that it is liable to Plaintiff under the FMLA or any other reason.

## FACTUAL ALLEGATIONS

7. Defendant incorporates the preceding paragraphs by reference as if fully restated herein.

8. Defendant admits that it employed Plaintiff and that her compensation package comprised of a salary of $88,000.12, a variable, discretionary 15% annual bonus, subject to individual and company performance, and welfare and retirement benefits. Defendant denies the remaining allegations contained in Paragraph 8 of the Complaint.

9. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 9 of the Complaint and therefore leaves Plaintiff to her proofs.

FP 48016381.5

10. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 10 of the Complaint and therefore leaves Plaintiff to her proofs.

11. Defendant admits the allegations in Paragraph 11 of the Complaint.

12. Defendant admits that Plaintiff received a performance review that reflected her previous and ongoing poor performance, in March 2023.  Defendant denies the remaining allegations contained in Paragraph 12 of the Complaint.

13. Defendant denies that Plaintiff received a performance review from it prior to March 2023.

14. Defendant admits that Plaintiff was given the election of participating in a Performance Improvement Plan or termination and that Plaintiff elected termination.  Defendant further admits that Plaintiff was to be offered a severance package as part of the employment action she selected.  Defendant denies the remaining allegations contained in the Complaint.

15. Defendant admits that Paragraph 15 of the Complaint accurately quotes a portion of an Instant Message that occurred on April 4, 2023, but denies any liability to Plaintiff whatsoever.

16. Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17. Defendant admits that Paragraph 17 of the Complaint accurately quotes a portion of an Instant Message that occurred on April 5, 2023, but denies any liability to Plaintiff whatsoever.

18. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 18 of the Complaint and therefore leaves Plaintiff to her proofs.

19. Defendant admits that Paragraph 19 of the Complaint accurately quotes a portion of an email that occurred on April 7, 2023, but denies any liability to Plaintiff whatsoever.

20. Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21. Defendant admits the allegations contained in Paragraph 21 of the Complaint.

22. Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 23 of the Complaint, and therefore leaves Plaintiff to her proofs.

24. Defendant admits the allegations contained in Paragraph 24 of the Complaint.

FP 48016381.5

25. Defendant denies the characterization that Defendant "failed" to respond to Plaintiff and goes on to state that Defendant did not response to Plaintiff's email, as no response was necessary.

26. Defendant admits that on June 26, 2023 Plaintiff sent an Instant Message to Ms. Crooks in which she stated she would be returning to work the following morning and that Ms. Crooks responded, in part, with an Instant Message that read "welcome back." Defendant denies the remaining allegations contained in Paragraph 26 of the Complaint.

27. Defendant admits that on June 27, in response to an Instant Message from Plaintiff that inquired as to what she would be working on upon her return to work, Ms. Crooks sent an Instant Message to Plaintiff that read, in part, "you're an active employee" and instructed her to contact her manager as to what she "should be working on." Defendant denies the remaining allegations contained in Paragraph 27 of the Complaint.

28. Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29. Defendant denies the allegations contained in Paragraph 29 of the Complaint.

30. Defendant admits the allegations in Paragraph 30 of the Complaint.

31. Defendant admits the allegations in Paragraph 31 of the Complaint.

32. Defendant admits that it did not offer Plaintiff reinstatement because prior to July 26, 2023 Plaintiff had not been terminated. Defendant denies the remaining allegations contained in Paragraph 32 of the Complaint.

33. Defendant admits that it sent Plaintiff an email dated July 17 that recounted that Plaintiff had returned to work from her leave and actively participated in meetings, but ceased reporting to work after July 11, 2023. Defendant further admits that the July 17 email informed Plaintiff that if she did not respond to the email by July 25, 2023, the Defendant would consider her lack of a response to be her resignation. Defendant denies the remaining allegations contained in the Complaint.

34. Defendant denies the allegations contained in Paragraph 34 of the Complaint.

35. Defendant denies the allegations contained in Paragraph 35 of the Complaint.

36. Defendant admits that it did not offer Plaintiff reinstatement, since Plaintiff had never been terminated. Defendant denies the remaining allegations contained in Paragraph 36 of the Complaint.

37. Defendant denies the allegations contained in Paragraph 37 of the Complaint.

38. Defendant denies the allegations contained in Paragraph 38 of the Complaint.

## **COUNT I**

39. Defendant incorporates the preceding paragraphs by reference as if fully restated herein.

40. Defendant admits the allegations contained in Paragraph 40 of the Complaint.

41. Defendant admits the allegations contained in Paragraph 41 of the Complaint.

42. Defendant admits the allegations contained in Paragraph 42 of the Complaint.

43. Defendant admits the allegations contained in Paragraph 43 of the Complaint.

44. Defendant admits the allegations contained in Paragraph 44 of the Complaint.

45. Defendant denies the allegations contained in Paragraph 45 of the Complaint.

46. Defendant denies the allegations contained in Paragraph 46 of the Complaint.

47. Defendant denies the allegations contained in Paragraph 47 of the Complaint.

48. Defendant denies the allegations contained in Paragraph 48 of the Complaint.

49. Defendant denies the allegations contained in Paragraph 49 of the Complaint.

Defendant denies that Plaintiff should be awarded any of the relief she seeks in her Demand for Relief.

Wherefore, Defendant asks the Court to dismiss Plaintiff's Complaint with prejudice and award it its costs and attorney fees incurred in defending the action.

## **AFFIRMATIVE AND OTHER DEFENSES**

1. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2. Plaintiff's claims are barred due to her choosing a severance package in lieu of a Performance Improvement Plan.

3. Plaintiff's claims are barred due to her failure to mitigate, minimize or avoid her damages, if any.

4. Plaintiff's claims are barred due to her own unclean hands.

5. Plaintiff's is barred from recovering from Wizards because Wizards did not breach its duties towards Plaintiff.

6. Plaintiff's claims are barred by the equitable defense of bad faith.

7. Wizards affirmatively pleads that at all relevant times it acted with reasonable care, good faith, and in compliance with its legal responsibilities.

8. If Plaintiff suffered any damages or harm, Wizards affirmatively pleads that such damages are a result of Plaintiff's own wrongful conduct.

9. Wizards affirmatively pleads that the Complaint is wholly unsubstantial, frivolous, and not advanced in good faith.

10. Wizards affirmatively reserves the right to assert additional affirmative and separate defenses if such arise following discovery and/or other actions taken within the case.

Wherefore, Defendant asks the Court to dismiss Plaintiff's Complaint with prejudice and award it its costs and attorney fees incurred in defending the action.

    Respectfully Submitted,

    FISHER & PHILLIPS, LLP

    /s/ William E. Altman_____
    William E. Altman (P52788)
    300 Park Street, Suite 370
    Birmingham, MI 48009
    (248) 433-8710
    waltman@fisherphillips.com
    Attorney for Defendant

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 28, 2023, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: counsel of record. I also hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: none.

    FISHER & PHILLIPS, LLP

    /s/ William E. Altman_____
    William E. Altman (P52788)
    31780 Telegraph Rd., Ste 200
    Bingham Farms, MI 48025
    (248) 433-8710
    waltman@fisherphillips.com
    Attorneys for Defendant